IN THE UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JASON LEOPOLD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **CENTRAL INTELLIGENCE AGENCY**, | ) |
| Office of Public Affairs | ) |
| Washington, D.C. 20505 | ) |
| | ) |
| **NATIONAL SECURITY AGENCY,** | ) |
| 9800 Savage Rd., Suite 6272 | ) |
| Fort George G. Meade, MD 20755-6000 | ) |
| | ) |
| **Defendants.** | ) |

# COMPLAINT

1. Plaintiff, JASON LEOPOLD, brings this Freedom of Information Act suit to force Defendants CENTRAL INTELLIGENCE AGENCY and NATIONAL SECURITY AGENCY to produce documents about any Presidential records—including classified records—that were removed from the White House to Mar-a-Lago or flushed down White House toilets, potentially in violation of federal law. *See, e.g.,* Matthew Brown, USA Today, *Trump White House staff found papers blocking a toilet, staff* (Feb. 10, 2022)[1]; Jonathan Franklin, NPR, *15 boxes of White House records have been recovered at Trump's Mar-a-Lago resort* (February 7, 2022).

2. In violation of FOIA, Defendants have failed to issue a determination within the statutory deadline and have failed to produce the records promptly.

---

[1] https://www.usatoday.com/story/news/politics/2022/02/10/trump-papers-toilet-haberman-book/6735023001/

## PARTIES

3. Plaintiff, JASON LEOPOLD, is an investigative journalist and made the FOIA requests at issue in this case.

4. Defendant, CENTRAL INTELLIGENCE AGENCY ("CIA") is a federal agency within the meaning of 5 U.S.C. § 552(f) and is subject to FOIA.

5. Defendant, NATIONAL SECURITY AGENCY ("NSA") is a federal agency within the meaning of 5 U.S.C. § 552(f) and is subject to FOIA.

## JURISDICTION AND VENUE

6. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court. *See* 28 U.S.C. § 1331.

7. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## FEBRUARY 22, 2022 FOIA REQUEST TO CIA

8. On February 22, 2022, LEOPOLD submitted a FOIA request to CIA for the following records:

> [1] All records, such as emails, memos, letters, text messages, reports, mentioning or referring to Presidential Records removed from the Trump White House that were stored at Mar-a-Lago;
>
> [2] All records, such as emails, memos, text messages, letters, reports, CIA personnel exchanged with the National Archives, Department of Justice, NSA, FBI, Defense Intelligence Agency, DOD, ODNI, and the State Department mentioning or referring to boxes of Presidential Records removed from the Trump White House that were stored at Mar-a-Lago; classified information and boxes of Presidential Records from the Trump White House that were stored at Mar-a-Lago;
>
> [3] Any and all damage assessments, specifically reports documenting damage to national security or the potential damage to national security, that resulted from the removal of presidential records from the Trump White House and the storage of those Presidential Records at Mar-a-Lago;

[4] Any and all criminal referrals sent to the Department of Justice mentioning or referring to the removal of presidential records from the Trump White House and the storage of those Presidential Records at Mar-a-Lago;

[5] All records, such as emails, letters, memos, text messages reports, mentioning or referring to Presidential Records from the Trump White House that were destroyed and Presidential Records from the Trump White House that were allegedly flushed down the toilet.

Ex. 1.

9. LEOPOLD identified the following offices and divisions that may have potentially responsive records: Deputy Director, Executive Director, Deputy Executive Director, Chiefs of Staff, Congressional Affairs, Directorates of Analysis, Operations, Science and Technology, and National Clandestine Service. *Id.*

10. On February 25, 2022, CIA acknowledged receipt of the request and assigned reference number F-2022-00877 to the request. Ex. 2.

11. Having received no further correspondence from the CIA regarding this request, LEOPOLD sought an estimated date of completion for the request on June 14, 2022. Ex. 3.

12. On June 15, 2022, CIA stated that it is "currently processing" the request and the estimated date of completion for the request is December 25, 2023. Ex. 4.

13. As of the date of this filing, CIA has not issued a determination and has not produced any records responsive to the request.

**FEBRUARY 22, 2022 FOIA REQUEST TO NSA**

14. On February 22, 2022, LEOPOLD submitted a FOIA request to NSA for the following records:

[1] All records, such as emails, memos, letters, text messages, reports, mentioning or referring to Presidential Records removed from the Trump White House that were stored at Mar-a-Lago;

[2] All records, such as emails, memos, text messages, letters, reports, NSA personnel exchanged with the National Archives, Department of Justice, CIA, FBI Defense Intelligence Agency, DOD and the State Department mentioning or referring to boxes of Presidential Records removed from the Trump White House that were stored at Mar-a-Lago; classified information and boxes of Presidential Records from the Trump White House that were stored at Mar-a-Lago;

[3] Any and all damage assessments, specifically reports documenting damage to national security or the potential damage to national security, that resulted from the removal of presidential records from the Trump White House and the storage of those Presidential Records at Mar-a-Lago;

[4] Any and all criminal referrals sent to the Department of Justice mentioning or referring to the removal of presidential records from the Trump White House and the storage of those Presidential Records at Mar-a-Lago;

[5] All records, such as emails, letters, memos, text messages reports, mentioning or referring to Presidential Records from the Trump White House that were destroyed and Presidential Records from the Trump White House that were allegedly flushed down the toilet.

Ex. 5.

15. On March 16, 2022, NSA acknowledged receipt of the request and assigned reference number 113731 to the request. Ex. 6.

16. Having received no further correspondence from NSA regarding this request, LEOPOLD sought an estimated date of completion for the request on June 6, 2022. Ex. 7.

17. On June 9, 2022, NSA stated that it is "in the process of conducting the search for responsive records" and that it is "unable to provide an estimated date of completion at this time." *Id.*

18. NSA also asked LEOPOLD to confirm that he is not seeking news media articles that NSA may have in its possession related to this topic. *Id.*

19. On June 9, 2022, LEOPOLD confirmed that NSA may omit news articles and press releases. *Id.*

20. As of the date of this filing, NSA has not issued a determination and has not produced any records responsive to the request. Nor has NSA complied with the statutory requirement under 5 U.S.C. § 552(a)(7)(B)(ii) to furnish an estimated date of completion when requested.

## COUNT I – CIA'S FOIA VIOLATION:
## FAILURE TO ISSUE A DETERMINATION

21. The above paragraphs are incorporated herein.

22. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

23. Defendant CIA is a federal agency and subject to FOIA.

24. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

25. Defendant CIA has failed to issue a determination within the statutory deadline.

## COUNT II – CIA'S FOIA VIOLATION:
## FAILURE TO CONDUCT A REASONABLE SEARCH

26. The above paragraphs are incorporated herein.

27. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

28. Defendant CIA is a federal agency and subject to FOIA.

29. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

30. Defendant CIA has failed to conduct a reasonable search for records responsive to the request.

## COUNT III – CIA'S FOIA VIOLATION:
## FAILURE TO PRODUCE RECORDS

31. The above paragraphs are incorporated herein.

32. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

33. Defendant CIA is a federal agency and subject to FOIA.

34. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

35. CIA has failed to produce records responsive to the request.

## COUNT IV – NSA'S FOIA VIOLATION: FAILURE TO ISSUE A DETERMINATION

36. The above paragraphs are incorporated herein.

37. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

38. Defendant NSA is a federal agency and subject to FOIA.

39. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

40. Defendant NSA has failed to issue a determination within the statutory deadline

## COUNT V – NSA'S FOIA VIOLATION: FAILURE TO CONDUCT A REASONABLE SEARCH

41. The above paragraphs are incorporated herein.

42. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

43. Defendant NSA is a federal agency and subject to FOIA.

44. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

45. Defendant NSA has failed to conduct a reasonable search for records responsive to the request.

## COUNT VI – NSA'S FOIA VIOLATION: FAILURE TO PRODUCE RECORDS

46. The above paragraphs are incorporated herein.

47. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

48. Defendant NSA is a federal agency and subject to FOIA.

49. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

50. NSA has failed to produce records responsive to the request.

**WHEREFORE**, Plaintiff asks the Court to:

   i. declare that Defendants have violated FOIA;

   ii. order Defendants to conduct a reasonable search for records at no cost;

   iii. order Defendants to issue a determination where appropriate;

   iv. order Defendants to produce all non-exempt requested records or portions of records promptly;

   v. enjoin Defendants from withholding non-exempt public records under FOIA;

   vi. award Plaintiff attorneys' fees and costs; and

   vii. award such other relief the Court considers appropriate.

Dated: July 1, 2022

RESPECTFULLY SUBMITTED,

*/s/ Matthew Topic*

Attorney for Plaintiff,
JASON LEOPOLD

Matthew Topic, D.C. Bar No. IL 0037
Josh Loevy, D.C. Bar No. IL0105
Merrick Wayne, D.C. Bar No. IL 0058
Shelley Geiszler D.C. Bar No. IL 0087
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com